# Exhibit A

Filing # 240681083 E-Filed 01/30/2026 03:02:27 PM

IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
SMALL CLAIMS DIVISION

SANDRA BURNS,

     *Plaintiff,*                           Case No:

     v.

CLARITY SERVICES, INC.,

     *Defendant.*

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW Plaintiff, Sandra Burns, by and through undersigned counsel, Seraph Legal, P.A., and complains of the Defendant, Clarity Services, Inc., and states as follows:

## PRELIMINARY STATEMENT

1.     This is an action for damages not exceeding $8,000, exclusive of attorneys' fees and costs, brought by Plaintiff against the Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

## JURISDICTION AND VENUE

2.     This court has subject matter jurisdiction under the FCRA, 15 U.S.C. § 1681p and § 34.01, Fla. Stat.

3.     Defendant is subject to the provisions of the FCRA and to this Court's jurisdiction pursuant to § 34.01, Fla. Stat.

4.     Venue is proper in Hillsborough County, because the Defendant committed the acts of which Plaintiff complains of within Hillsborough County.

## PARTIES

5.    Plaintiff, **Sandra Burns** ("Ms. Burns"), is a natural person and Florida resident, residing in Hillsborough County, Florida.

6.    Ms. Burns is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

7.    Defendant, **Clarity Services, Inc.,** ("Clarity") is a Delaware corporation, with a principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626.

8.    Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

9.    Clarity is a *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Clarity's Inaccurate Consumer Reports Regarding Ms. Burns

**A. Incorrect Personal Information, Housing Information, Employment Information, and Income Information.**

10.    Clarity began maintaining a credit file on Ms. Burns some time prior to July 2020.

11.    Clarity, a CRA that predominantly serves the needs of online lenders making short-term loans, programs its systems to acquire and report as much information as possible, with little regard to the information's quality or accuracy.

12.    A prime example of Clarity's disregard for accuracy is Clarity's reporting of *two different* Florida driver's license numbers for Ms. Burns:

| Driver's License Number and State | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| XXXXXXXXX8781 FL | 7/10/2020 6:44:14 pm EDT 1h4s2nd5z7 | 6/12/2023 7:36:31 pm EDT 32rnbxy5z6 | 31 |
| XXXXXXXXX9781 FL | 2/4/2021 3:13:42 pm EST o9je3hmw10 | 2/4/2021 3:13:42 pm EST b9_e3hmw10 | 1 |

13. In addition to Clarity's inclusion of two different Florida driver's license numbers, Clarity redacted these license numbers purportedly belonging to Ms. Burns in its credit disclosure to Ms. Burns.

14. Clarity's unilateral decision to redact Ms. Burns's driver's license number deprived Ms. Burns the opportunity to ensure its accuracy within her credit file.

15. Nothing in the FCRA allows Clarity to redact a consumer's driver's license number in its credit disclosures. To the contrary, Clarity was required to disclose the full, unredacted contents of Ms. Burns's credit file.

16. Clarity includes the full driver's license number in reports sold to third-parties, including reports sold to creditors and potential creditors.

17. Clarity also inaccurately reported on Ms. Burns's housing information.

18. For example, Clarity included obviously false and self-contradictory information in its credit file on Ms. Burns. On January 28, 2022, Clarity reports that Ms. Burns resided at her current address for "12 Months" yet, at the same time and on the same day, Clarity reported she had resided at her current address for "0 Months."

| Months at Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 0 Months | 1/28/2022 2:43:22 pm EST 4cp0Soacc7v | 1/30/2025 1:31:03 pm EST yrkas2m48r | 4 |
| 1 Month | 1/30/2025 1:23:56 pm EST w8g7w24d7c | 1/30/2025 1:23:56 pm EST w8g7w:24d7c | 1 |
| 12 Months | 1/28/2022 2:43:04 pm EST jdehs7p7s2 | 1/30/2025 1:25:39 pm EST c8x3czcbw3 | 8 |
| 13 Months | 1/30/2025 1:24:35 pm EST v1xm787z6c | 1/30/2025 1:24:35 pm EST v1xm787z6c | 1 |
| 14 Months | 2/15/2022 12:59:25 pm EST s2fdn14ds4 | 2/15/2022 12:59:25 pm EST s2fdn14ds4 | 1 |
| 25 Months | 7/10/2020 6:44:14 pm EDT 1h4s2nd5z7 | 7/10/2020 6:44:14 pm EDT 1h4s2nd5z7 | 1 |
| 46 Months | 1/3/2023 12:29:00 pm EST xp91hq9apg | 1/3/2023 12:29:00 pm EST xp91hq9apg | 1 |
| 48 Months | 2/28/2022 4:18:01 pm EST 350yv1qd1p | 3/18/2022 1:37:46 pm EDT nv2n2nwxt0 | 7 |
| 49 Months | 6/12/2023 7:36:31 pm EDT 52rnbwy5a6 | 6/12/2023 7:36:31 pm EDT 52rnbwy5a6 | 1 |
| 84 Months | 5/26/2023 10:40:44 am EDT a5v96sxd61 | 5/27/2023 9:45:31 am EDT 6mkp33qh5w | 7 |

19.    Clarity's report that Ms. Burns spent "0 Months" at her home address created the false and negative impression that Ms. Burns was unhoused or had just moved.

20.    Clarity also included two contradictory reports made on January 30, 2025 -- the first report indicating that Ms. Burns had spent "1 Month" at her current address, and the second report indicating that Ms. Burns had spent "13 Months" at the very same address.

21.    Clarity's reporting on Ms. Burns's housing history contains numerous contradictory or conflicting data point entries not reflective of Ms. Burns's true housing history.

22.    Clarity also inaccurately reported on Ms. Burns's employment information.

23.    For example, on January 30, 2025, Clarity included two contradictory reports concerning Ms. Burns's employer's address: the first report listed her employer's address as "106 HELBERG STREET DICKSON TN" whereas the second report listed the address as "123 MAIN STREET DICKSON TN"

24.    Moreover, on March 14, 2022, Clarity reported Ms. Burns's employer's address as "123 MAIN STREET DAYTONA BEACH FL."

| Employer Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 106 HELBERG ST DICKSON TN | 1/30/2025 1:31:03 pm EST yrkas2m48r | 1/30/2025 1:31:03 pm EST yrkas2m48r | 1 |
| 123 MAIN STREET DAYTONA BEACH FL | 3/14/2022 12:14:08 pm EDT 8c8tcspvxk | 3/14/2022 12:14:08 pm EDT 8c8tcspvxk | 1 |
| 123 MAIN STREET DICKSON TN | 1/30/2025 1:23.49 pm EST p7kjr77v2s | 1/30/2025 1:23.49 pm EST p7kjr77v2s | 1 |

25.     Clarity's inclusion of "123 MAIN STREET" is a primary example of Clarity using made-up, dummy, placeholder information in Ms. Burns's credit file when a data furnisher fails to input a data value.

26.     The address "123 MAIN STREET" appears in the credit files of tens of thousands of consumers and is not actual credit data, but is simply a dummy, placeholder value inserted when Clarity's systems either cannot read the reported information or it is missing from the data furnisher.

27.     Systems designed to – quite literally—insert false information are the antithesis of "reasonable procedures" adopted to ensure "maximum possible accuracy" as it, in fact, ensures the opposite.

28.     Clarity also inaccurately reported Ms. Burns's occupation multiple times.

| Occupation | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| CITIZENS PROPERTY INSURANCE | 1/28/2022 2:43:04 pm EST jdehs7p7s2 | 3/14/2022 9:19:12 am EDT xvckmbk6ex | 4 |
| LITIGATION MANAGER | 3/14/2022 12:14:08 pm EDT 8c8tcspvxk | 3/14/2022 12:14:08 pm EDT 8c8tcspvxk | 1 |
| MANAGEMENT | 7/10/2020 6:44:14 pm EDT 1n4s2nd5z7 | 3/7/2022 11:19:05 am EST w4zaj1iqha | 2 |
| MANAGER | 1/3/2023 12:29:00 pm EST xp91nq9apg | 5/26/2023 10:45:52 am EST vb5s2cbfc2 | 3 |
| WALGREENS | 1/30/2025 1:23:49 pm EST p7kjr77v2s | 1/30/2025 1:25:39 pm EST cBx3czcbw3 | 3 |

29.     On January 28, 2022, Clarity reported Ms. Burns's *occupation* as "CITIZENS PROPERTY INSURANCE." This is obviously the name of her employer, and its inclusion under

"Occupation" heavily suggests a systemic failure in Clarity's data-mapping logic, resulting in a company name has been improperly populated into the "occupation" field.

30. On January 30, 2025, Clarity reported Ms. Burns's position title as "WALGREENS," further establishing the prevalence of failures by Clarity's automated systems.

31. Clarity also included reports concerning Ms. Burns's employment history which were, on their face, false and illogical.

| Months at Employer | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 0 Months | 1/28/2022 2:43:22 pm EST 4cp05acc7v | 1/30/2025 1:31:03 pm EST yrkas2m48r | 4 |
| 12 Months | 1/28/2022 2:43:04 pm EST jdehs7p7s2 | 1/30/2025 1:25:39 pm EST c8x3czcbw3 | 7 |
| 13 Months | 1/30/2025 1:24:35 pm EST v1xm787z6c | 1/30/2025 1:24:35 pm EST v1xm787z6c | 1 |
| 14 Months | 2/15/2022 12:59:25 pm EST s2fdn14ds4 | 2/15/2022 12:59:25 pm EST s2fdn14ds4 | 1 |
| 24 Months | 1/28/2022 2:43:29 pm EST n5msqbnh4b | 2/15/2022 12:57:46 pm EST vqjmhsckpz | 2 |
| 39 Months | 7/10/2020 6:44:14 pm EDT 1h4s2nd5z7 | 7/10/2020 6:44:14 pm EDT 1h4s2nd5z7 | 1 |
| 51 Months | 3/7/2022 11:19:05 am EST w4zaj1jqha | 3/7/2022 11:19:05 am EST w4zaj1jqha | 1 |
| 60 Months | 2/28/2022 4:18:01 pm EST 350yv1qd1p | 5/27/2023 9:45:31 am EDT 6mkp33qh5w | 14 |
| 61 Months | 1/3/2023 12:29:00 pm EST xp91hq9apg | 1/3/2023 12:29:00 pm EST xp91hq9apg | 1 |
| 402 Months | 2/4/2021 3:13:42 pm EST b9je3hmw10 | 2/4/2021 3:13:42 pm EST b9je3hmw10 | 1 |

32. Notably, on January 28, 2022, Clarity incorporated reports with three differing data points concerning Ms. Burns's duration of employment:

    a.    the first report indicated that Ms. Burns spent "1 Month" at her employer;

    b.    the second report indicated that Ms. Burns spent "0 Months" at her employer; and

    c.    the third report indicated that Ms. Burns spent "24 Months" at her employer.

33. Clarity's inclusion of reports made January 28, 2022 that Ms. Burns spent "0 Months" at her employer created the false and negative impression that Ms. Burns was unemployed at this time.

34. Clarity also inaccurately reported Ms. Burns's income information.

35.     For example, Clarity reported a "Net Monthly Income" range from "$0.00" to "$10,216.00" – neither data endpoint reflective of Ms. Burns's true income history.

| Net Monthly Income | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| $0.00 | 6/12/2023 7:36:31 pm EDT 52rnbvvy5a6 | 6/12/2023 7:36:31 pm EDT 52rnbvvy5a6 | 1 |
| $3,000.00 | 2/15/2022 12:59:25 pm EST s2ldn14ds4 | 2/15/2022 12:59:25 pm EST s2ldn14ds4 | 1 |
| $3,360.00 | 1/30/2025 1:31:03 pm EST yrkas2m48r | 1/30/2025 1:31:03 pm EST yrkas2m48r | 1 |
| $3,500.00 | 5/26/2023 10:40:44 am EDT a5v96sxd61 | 5/27/2023 9:45:31 am EDT 6mkp33qh5w | 7 |
| $5,000.00 | 3/15/2022 9:01:47 am EDT a8s79cjft8 | 3/15/2022 9:01:47 am EDT a8s79cjft8 | 1 |
| $6,000.00 | 1/28/2022 2:43:04 pm EDT jdehs7p7s2 | 1/30/2025 1:25:39 pm EST c8x3czcbv3 | 15 |
| $6,500.00 | 2/28/2022 4:18:01 pm EST 350yv1qd1p | 3/18/2022 1:36:57 pm EDT 7jks504mec | 4 |
| $7,000.00 | 7/10/2020 6:44:14 pm EDT 1h4s2nd5z7 | 3/7/2022 11:19:05 am EST w4zaj1iqha | 2 |
| $7,400.00 | 1/12/2023 10:18:22 am EST jwn0adf0vm | 1/12/2023 10:18:22 am EST jwn0adf0vm | 1 |
| $7,500.00 | 9/30/2022 2:26:50 pm EDT v5p2g50msr | 9/30/2022 2:26:50 pm EDT v5p2g50msr | 1 |
| $7,800.00 | 2/4/2021 3:13:42 pm EST b9je3hmw10 | 2/4/2021 3:13:42 pm EST b9je3hmw10 | 1 |
| $7,916.00 | 2/15/2021 3:39:44 pm EST antrjavfye | 6/21/2021 3:45:36 pm EDT 8pfz7v63r9 | 6 |
| $7,917.00 | 2/19/2021 2:55:11 pm EST r3mphq778p | 2/19/2021 2:55:12 pm EST phwgyekg8k | 2 |
| $9,868.00 | 1/3/2023 12:29:00 pm EST xp91hq9apg | 1/3/2023 12:29:00 pm EST xp91hq9apg | 1 |
| $10,216.00 | 2/9/2023 1:20:16 pm EST ss0cvh1g8p | 2/9/2023 1:20:16 pm EST ss0cvh1g8p | 1 |

36.     On June 12, 2023, Clarity grossly understated Ms. Burns's income by reporting Ms. Burns as receiving a "Net Monthly Income" of "$0.00"

37.     Clarity's reporting of Ms. Burns's net monthly income as "$0.00" created the false and negative impression that Ms. Burns was unemployed at this time.

38.     On February 9, 2023, Clarity grossly overstated Ms. Burns's income by reporting Ms. Burns's as receiving a "Net Monthly Income" of "$10,216.00"

39.     Clarity's reported monthly income range for Ms. Burns' is rife with inaccuracies and includes several conflicting data point entries – some of which also conflict data entries elsewhere in Ms. Burns's file.

40.     For example, Clarity's February 9, 2023, report lists Ms. Burns's monthly income as "$10,216.00" while simultaneously identifying her pay frequency as "NOTHING."

Page 7 of 16

NOTHING          2/9/2023 1:20:16 pm EST ss0cvh1g8p          2/9/2023 1:20:16 pm EST ss0cvh1g8p          1

41.     As of the date of filing, Clarity's credit file on Ms. Burns is still rife with inaccuracies. As such, Ms. Burns demands Clarity make an investigation into the above errors and correct them, within 30 days of service of this lawsuit.

## B. The Negative Impact of Clarity's Errant Credit Reporting

42.     Clarity's automated system calculates a consumer's credit score primarily based upon the number of changes to a consumer's address, income, housing, and employment history.

43.     The majority of lenders to whom Clarity sells reports thoroughly examine a consumer's employment history and income data to verify whether the consumer has a history of reliable employment and income to ensure the consumer can repay any funds the lender advances.

44.     Consequently, Clarity's inclusion of demonstrably false information about Ms. Burns's income, pay frequency, and employment had a significant negative impact on Ms. Burns's ability to obtain new credit with favorable terms, resulting in denials of credit or approval on less-favorable terms.

## C. Clarity's Lack of Standards Constitute Willful Violations of the FCRA

45.     As an Experian subsidiary, one of the largest CRAs in the world, Clarity operates in stark contrast to its parent company.

46.     While Experian enforces "Metro 2" guidelines, industry standards which contain hundreds of pages of explanations regarding how to report information covering almost any conceivable scenario, which other large CRAs use to serve as a common language, Clarity requires no such compliance and has no discernable quality-assurance standards.

47.     Records from Clarity show it has sold multiple reports regarding Ms. Burns throughout the course of the last few years.

48.     Each of these reports contained false information concerning Ms. Burns's personal information, housing information, employment information, and income information.

49.     The FCRA is clear in its requirement that, as a CRA, Clarity must prepare accurate reports:

> **Accuracy of Report.** Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. See 15 U.S.C. §1681e(b).

50.     The FCRA required Clarity to follow reasonable procedures to ensure the maximum possible accuracy of the information Clarity reported concerning Ms. Burns.

51.     Clarity was aware that when it sold reports regarding Ms. Burns in the last two years that, even under a best-case scenario, it was selling data and other information it knew it had gathered without regard to accuracy or completeness.

52.     Since Clarity continues to include the aforementioned inaccuracies in Ms. Burns's credit file as of the date of filing, Ms. Burns hereby demands that Clarity investigate these inaccuracies upon service of this lawsuit, delete or modify the erroneous information, inform her of the investigation's outcome, and provide her with a written description as to how it conducted its investigation.

**D. Clarity Fails to Meaningfully Disclose Legally Required Information**

53.     On or about March 12, 2025, Ms. Burns requested a copy of her consumer credit disclosure from Clarity.

54.     Upon receipt of Ms. Burns's request, Clarity was required to disclose all information "clearly and accurately" in Ms. Burns's credit file at the time of her request, including the identity of each person who obtained a consumer report from Clarity within the prior year for

any purpose. If a reseller procured the report, "person" would include an end user. See 15 U.S.C. § 1681g(a)(3)(A)(ii).

55.    The FCRA defines "Identification" as "the name of the person or, if applicable, the trade name (written in full) under which such person conducts business." See 15 U.S.C. § 1681g(a)(3)(B)(i).

56.    Frequently, Clarity fails to fulfill its legal obligations regarding disclosure of this data, as it provides incomprehensible letter or number combinations as the purported end user of its consumer reports.

57.    For example, on January 30, 2025, Clarity disclosed an inquiry in Ms. Burns's credit file as "FMS"

1/30/2025 1:23:49 pm EST p7kjr77v2s    Credit Application    Online Installment    Credit Ninja/FMS
                                                            Loan

58.    Who, or what, "FMS" "might be is not readily identifiable.

59.    Clarity disclosed this entity using an abbreviation or a shortened name no reasonable consumer would understand.

60.    Clarity provided no address, phone number, or other information regarding this inquiry.

61.    Multiple consumers have previously sued Clarity for failing to disclose the names of those persons or entities obtaining credit reports as legally required.

62.    Clarity's incomplete disclosure of who accessed Ms. Burns's credit report and why caused Ms. Burns significant frustration, stress, concern, mental anguish, and emotional distress.

63.    As a consequence of Clarity's conduct, Ms. Burns has suffered damages, including the sheer waste of time trying to figure out what the information in her Clarity credit file means and how it got there.

64.    As a consequence of Clarity's conduct, Ms. Burns has suffered lost financial opportunities, loss of credit, lower credit scores, aggravation, and reputational damage.

65.    Ms. Burns has hired the undersigned law firm to represent her in this matter and has assigned it her right to fees and costs.

## COUNT I
## CLARITY'S WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b)

66.    Ms. Burns incorporates, by reference, paragraphs 1–65.

67.    Clarity violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures to ensure the maximum possible accuracy of the consumer reports it sold regarding Ms. Burns, as it sold multiple consumer reports containing false data entries concerning her personal information, housing information, employment information, and income information.

68.    Numerous consumers have sued Clarity for similar violations, and Clarity knows that it frequently sells reports with out-of-date, false information.

69.    Clarity's conduct was willful, intentional, and exhibited a reckless disregard for Ms. Burns's rights under the FCRA.

70.    Clarity's conduct justifies an award of punitive damages.

71.    As a consequence of its conduct, Clarity is liable to Ms. Burns for the greater of Ms. Burns's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Burns respectfully requests this Honorable Court enter judgment against Clarity for:

a.    The greater of Ms. Burns's actual damages and statutory damages of $1,000 *per incident* pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and

d.     Any other relief this Court deems just and proper given the circumstances.

**COUNT II**
**CLARITY'S NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681e(b)**
**(Pled in the Alternative to Count I)**

72.     Ms. Burns incorporates, by reference, paragraphs 1–65.

73.     Clarity owed Ms. Burns a legal duty to utilize reasonable procedures to ensure the maximum possible accuracy of its consumer reports regarding Ms. Burns.

74.     Clarity breached this duty when it sold multiple consumer reports containing inaccurate and false information about Ms. Burns's personal information, housing information, employment information, and income information.

75.     Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681e(b). As a consequence, Ms. Burns is entitled to her actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Burns respectfully requests this Honorable Court enter judgment against Clarity for:

a.     Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and

c.     Any other relief this Court deems just and proper given the circumstances.

**COUNT III**
**CLARITY'S WILLFUL VIOLATIONS OF 15 U.S.C. § 1681g(a)(3)(A)(ii)**

76.     Ms. Burns incorporates, by reference, paragraphs 1–65.

77.     Clarity violated 15 U.S.C. § 1681g(a)(3)(A)(ii) when it failed to identify each person, including the end-user, when applicable, that procured Ms. Burns's consumer report during the one-year period preceding the date upon which she made the request.

Page **12** of **16**

78.     Clarity is aware that its consumer disclosures fail to properly identify end-users via multiple consumer lawsuits complaining of the same.

79.     Clarity's conduct was willful, intentional, and exhibited a reckless disregard for its duties to provide clear and accurate disclosures under the FCRA.

80.     Clarity's conduct justifies an award of punitive damages.

81.     As a consequence of its conduct, Clarity is liable to Ms. Burns for the greater of Ms. Burns's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Burns respectfully requests this Honorable Court enter judgment against Clarity for:

a.     The greater of Ms. Burns's actual damages or statutory damages of $1,000 *per incident* pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.     Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and

d.     Any other relief that this Court deems just and proper given the circumstances.

**COUNT IV**
**CLARITY'S NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681g(a)(3)(A)(ii)**
**(Pled in the alternative to Count III)**

82.     Ms. Burns incorporates, by reference, paragraphs 1–65.

83.     Clarity owed Ms. Burns a legal duty to disclose the identity of each user that obtained her consumer report within one year of Ms. Burns's request.

84.     Clarity breached this duty when it failed to identify each person, including the end-user, when applicable, who procured Ms. Burns's consumer report during the one-year period preceding the date upon which she made the request.

85.    Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681g(a)(3)(A)(ii), and Ms. Burns is entitled to her actual damages, attorneys' fees, and costs pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Burns respectfully requests this Honorable Court enter judgment against Clarity for:

a.    Ms. Burns's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and

c.    Any other relief this Court deems just and proper given the circumstances.

## COUNT V
## CLARITY'S WILLFUL VIOLATION OF 15 U.S.C. § 1681g(a)(1)

86.    Ms. Burns incorporates, by reference, paragraphs 1–65.

87.    Clarity violated 15 U.S.C. § 1681g(a)(1) when it failed to clearly and accurately disclose all the information it had in its file by providing Ms. Burns with a redacted version of her consumer disclosure upon her request.

88.    Clarity has been notified through litigation that its disclosures to consumers fail to properly disclose this information.

89.    Clarity's conduct was willful, intentional, and exhibited a reckless disregard for its duty under the FCRA to provide clear and accurate disclosures.

90.    Clarity's conduct justifies an award of punitive damages.

**WHEREFORE**, Ms. Burns respectfully requests this Honorable Court enter judgment against Clarity for:

a.    Ms. Burns's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Punitive damages;

c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and

d.  Any other relief this Court deems just and proper given the circumstances.

### COUNT VI
### CLARITY'S NEGLIGENT VIOLATION OF 15 U.S.C. § 1681g(a)(1)
#### (Pled in the Alternative to Count V)

91.  Ms. Burns incorporates, by reference, paragraphs 1–65.

92.  15 U.S.C. § 1681(a)(1) requires a CRA, like Clarity, to clearly and accurately disclose to the consumer all information in the consumer's file upon request.

93.  Clarity owed Ms. Burns a legal duty to ensure that the information compiled and provided in her consumer report was an accurate and *complete* disclosure of information.

94.  Clarity provided only a redacted version of Ms. Burns's consumer credit file, redacting information like her driver's license number.

95.  As a consequence, Ms. Burns is entitled to actual damages, attorney's fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Burns respectfully requests this Honorable Court enter judgment against Clarity for:

a.  Ms. Burns's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.  Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and

c.  Any other relief this Court deems just and proper given the circumstances.

### DEMAND FOR JURY TRIAL

Ms. Burns hereby demands a jury trial on all issues so triable.

Respectfully submitted on January 28, 2026, by:

**SERAPH LEGAL, P. A.**

/s/ *Fethullah Gulen*
Fethullah Gulen, Esq.
Florida Bar Number: 1045392
FGulen@SeraphLegal.com

Page **15** of **16**

3505 E. Frontage Rd., Suite 145
Tampa, FL 33607
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*